1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7    ALTON KING,                           Case No. 18-cv-01996-SI
8              Petitioner,
9         v.                               **ORDER OF TRANSFER**
10   RAYTHEL FISHER,
11             Respondent.
12
13        Alton King, an inmate at the Valley State Prison in Chowchilla, filed this *pro se* action

14   seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  King is in custody serving

15   sentences for his 2002, 2008, and 2009 convictions in Santa Clara County Superior Court for sex

16   offenses against children.  The petition in this action challenges the execution of his sentences.

17   Specifically, King alleges that prison officials are applying California Penal Code § 2933.1 (which

18   provides that persons convicted of certain felonies "shall accrue no more than 15 percent of

19   worktime credit") to crimes that he committed at least in part before the operative date of that

20   statute and therefore in violation of his right to be free of ex post facto laws.

21        A petition for a writ of habeas corpus made by a person in custody under the judgment and

22   sentence of a state court of a state which contains two or more federal judicial districts may be

23   filed in either the district of conviction or the district of confinement.  *See* 28 U.S.C. § 2241(d).

24   Each of such districts shall have concurrent jurisdiction to entertain the petition; however, the

25   district court for the district where the petition is filed may transfer the petition to the other district

26   in the furtherance of justice.  *See id.*  Federal courts in California traditionally have chosen to hear

27   petitions challenging a conviction or sentence in the district of conviction or sentencing.  *See*

28   Habeas L.R. 2254-3(b)(1); *Laue v. Nelson*, 279 F. Supp. 265 (N.D. Cal. 1968).  But if the petition

challenges the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(b)(2); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

King is challenging the execution of his sentence and is housed in Valley State Prison in Madera County, which lies within the venue of the Eastern District of California. *See* 28 U.S.C. § 84(c)(1). The Eastern District is the preferable venue for this action. Pursuant to 28 U.S.C. § 1404(a) and Habeas Local Rule 2254-3(b), and in the interest of justice, this action is TRANSFERRED to the United States District Court for the Eastern District of California. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 11, 2018

_____
SUSAN ILLSTON
United States District Judge